## GRING v. A CARGO OF LUMBER.[1]

*(District Court, E. D. New York.   March 13, 1889.)*

SHIPPING—FREIGHT LIEN—WAIVER.

 A vessel discharged a cargo of lumber in August, and during the delivery some portions were carted away by persons to whom it had been sold, without objection from the vessel, and no notice was given to the consignee or his vendee of any intention to hold the lumber for freight, and no steps were taken to enforce a lien for freight until late in September. *Held,* that the lien had been waived.

In Admiralty.

*Hyland & Zabriskie,* for libelant.
*R. D. Benedict,* for claimant.

BENEDICT, J.   This is an action to enforce a lien for freight against a cargo of spruce lumber transported in the canal-boat Silver Wave from Etchim, near Quebec, Can., to the port of New York.   By the bill of lading the lumber was consigned to Dunbar & Co., of New York.   Upon the arrival of the vessel at New York, and reporting to Dunbar & Co., they directed that the lumber be delivered to William Richenstein, Newtown Creek.   The vessel proceeded to Newtown Creek, and there the lumber was discharged at the lumber-yard of Richenstein.   After the lumber had been discharged, the libelant went to the office of Richenstein with the intention of getting his freight, and was there told that the freight was to be paid by Dunbar & Co., and that there was a shortage in the lumber delivered.   Thereafter the libelant was paid by Dunbar & Co. the amount of his freight, less $20 for shortage.   It appears in evidence that the lumber, when delivered, was placed in a lumber-yard; that during the delivery some of it was carted away by persons to whom it had been sold by Richenstein.   No objection was made to this by the libelant, nor at any time was any notice or intimation given to Dunbar & Co. or to Richenstein of an intent to hold the cargo for freight.   Moreover, no steps were taken to enforce a lien until September 22, 1887, although the discharge had been concluded in August.   Such a state of facts does not permit the inference that an understanding existed between the libelant and the consignee that the delivery of the lumber at Richenstein's lumber-yard should not be regarded as a waiver of the lien.   The libel must be dismissed, and with costs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.